UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANN FRADY,<br><br>        Plaintiff,<br><br>v.<br><br>C. R. BARD, INC.,<br><br>        Defendant. | *<br>*<br>*<br>*<br>*<br>*   Civil Action No. 1:19-cv-12549-ADB<br>*<br>*<br>*<br>*<br>* |

# **MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

BURROUGHS, D.J.

Plaintiff Ann Frady ("Plaintiff") filed this action against Defendant C.R. Bard, Inc. ("Defendant") asserting claims for negligence (Count I), strict liability design defect (Count II), strict liability manufacturing defect (Count III), strict liability failure to warn (Count IV), breach of express warranty (Count V), breach of implied warranty (Count VI), and punitive damages (Count VIII) in connection with complications she experienced from a device manufactured by Defendant. [ECF No. 1 at 5 ("Short-Form Compl."); ECF No. 60-2 at 510–43 ("Long-Form Compl.")].[1]

Currently pending before the Court is Defendant's motion for partial summary judgment. [ECF No. 42]. For the reasons set forth below, Defendant's motion for partial summary judgment, [ECF No. 42], is <u>GRANTED</u>.

---

[1] Plaintiff did not allege Count VII (loss of consortium) of the Long-Form Complaint against Defendant when filing her Short-Form Complaint. See [Short-Form Compl. at 5].

## I. BACKGROUND

### A. Procedural Background

This product liability lawsuit stems from a multidistrict litigation ("MDL") involving the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. The Judicial Panel on Multidistrict Litigation assigned 100,000 of these MDL cases to the Honorable Joseph R. Goodwin, United States District Judge for the U.S. District Court for the Southern District of West Virginia, Charleston Division. Approximately 14,000 of these cases were filed against Defendant, one of the manufacturers of transvaginal surgical mesh. See In Re: C. R. Bard, Inc., Pelvic Repair System Products Liability Litigation, No. 2:10-cv-2187, MDL 2187 (S.D. W. Va.). Judge Goodwin conducted pretrial discovery and motions practice in the cases on an individualized basis.

Plaintiff filed her Short-Form Complaint directly in the MDL on July 12, 2013, [Short-Form Compl.], indicating that upon transfer from the MDL her case would be filed with the District of Massachusetts and that she was pursuing only Counts I–VI and VIII of the MDL's Long-Form Complaint, [id. at 1, 5]. On October 18, 2018, Defendant filed its motion for partial summary judgment. [ECF No. 42]. On October 25, 2018, Plaintiff filed her opposition, [ECF No. 47], and on November 1, 2018, Defendant filed a reply, [ECF No. 51]. On December 3, 2019, Judge Goodwin issued an order transferring twelve of the fifteen remaining cases assigned to him "to the venues from which they ar[o]se," including Plaintiff's case. [ECF No. 55].

### B. Factual Background

The following facts are not in dispute.[2]

---

[2] Plaintiff did not provide a statement of facts or dispute the facts alleged by Defendant in her opposition. See [ECF No. 47]. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . .

2

Plaintiff, a resident of Massachusetts, was implanted with Defendant's Avaulta Solo Anterior Synthetic Support System on October 22, 2008, by Dr. Neeraj Kohli ("Dr. Kohli") at South Shore Hospital in South Weymouth, Massachusetts. [Short-Form Compl. ¶¶ 1–13]. Though Plaintiff did not independently research the company prior to her surgery, she knew from Dr. Kohli's nurse practitioner that the mesh was manufactured by Defendant. [ECF No. 42-2 at 21 (Plaintiff Dep. Tr. at 75:1–16)]. Plaintiff did not know anyone who worked for the Defendant, nor did she speak to anyone at the company prior to her mesh implant surgery. [Id. at 28 (Plaintiff Dep. Tr. at 104:12–16)].

Dr. Kohli had reviewed the Instructions for Use ("IFU") that accompanied the Avaulta mesh implant, [ECF No. 42-3 at 8 (Dr. Kohli Dep. Tr. at 21:14–19) ("I wouldn't review the [IFU] with every single [surgery] but . . . we were well aware of the IFU . . . .")], was aware of the potential risks and side effects of Defendant's mesh implant, and communicated the potential risks and side effects to Plaintiff prior to her surgery, [id. (Dr. Kohli Dep. Tr. at 21:14–19, 84:14–85:1)]. Dr. Kohli has stated that he believes the care he provided to Plaintiff, using the Avaulta, was to her benefit, and that the risks were acceptable. [Id. at 37 (Dr. Kohli Dep. Tr. at 135:15–22)].

Plaintiff alleges that, approximately five years after her surgery, she began to experience pelvic pain, weight loss, and an inability to be intimate with her partner, which she attributes to the Avaulta implant. [ECF No. 42-2 at 5 (Plaintiff Dep. Tr. at 11:9–12); ECF No. 8 at 6 (Plaintiff Fact Sheet)].

---

consider the fact undisputed for purposes of the motion . . . ." Fed. R. Civ. P. 56(e). As a result, the facts are taken from Defendant's memorandum in support of its motion and are deemed accepted as undisputed by Plaintiff. See [ECF No. 43 at 7–8].

## II.    LEGAL STANDARD

The parties do not dispute that Massachusetts law governs Plaintiff's claims because she filed her complaint directly in the MDL and her alleged injuries occurred in the Commonwealth. See [ECF No. 43 at 8–9; ECF No. 47 at 1]. When a case is filed directly in an MDL, "[t]he Sixth and Seventh Circuits and most district courts to have addressed the issue hold that the choice-of-law rules of the district to which the case is eventually transferred for trial should apply, not those of the transferring MDL-designated court." 17A Moore's Federal Practice - Civil § 124.30 (2020); see also In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig., 76 F. Supp. 3d 294, 304 (D. Mass. 2015) ("I agree with the notion that the proper approach for direct filed cases is to treat them 'as if they were transferred from a judicial district sitting in the state where the case originated.'" (citation omitted) (quoting In re Yasmin and Yaz Marketing, Sales Practices and Prods. Liab. Litig., No. 3:09-md-02100, 2011 U.S. Dist. LEXIS 39820, at *18 (S.D. Ill. Apr. 12, 2011))).

Summary judgment is appropriate where the movant demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if its resolution might affect the outcome of the case under the controlling law." Cochran v. Quest Software, Inc., 328 F.3d 1, 6 (1st Cir. 2003). "A genuine issue exists as to such a fact if there is evidence from which a reasonable trier could decide the fact either way." Id. When reviewing the record, the court "must take the evidence in the light most flattering to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Id. The First Circuit has noted that this standard "is favorable to the nonmoving party, but it does not give him a free pass to trial." Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011). "The factual conflicts upon which he relies must be both genuine and

4

material," Gomez v. Stop & Shop Supermarket Co., 670 F.3d 395, 397 (1st Cir. 2012), and the court may discount "conclusory allegations, improbable inferences, and unsupported speculation," Cochran, 328 F.3d at 6 (quoting Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)).

"To succeed in showing that there is no genuine dispute of material fact," the moving party must point to "specific evidence in the record that would be admissible at trial." Ocasio-Hernandez v. Fortuño-Burset, 777 F.3d 1, 4 (1st Cir. 2015). "That is, it must 'affirmatively produce evidence that negates an essential element of the non-moving party's claim,' or, using 'evidentiary materials already on file . . . demonstrate that the non-moving party will be unable to carry its burden of persuasion at trial.'" Id. at 4–5 (quoting Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000)). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986). Once the movant takes the position that the record fails to make out any trial-worthy question of material fact, "it is the burden of the nonmoving party to proffer facts sufficient to rebut the movant's assertions." Nansamba v. No. Shore Med. Ctr., Inc., 727 F.3d 33, 40 (1st Cir. 2013).

**III.     DISCUSSION**

Defendant seeks summary judgment on Counts II, III, IV, V, VI, and VIII. [ECF No. 43]. In addition, Defendant seeks partial summary judgment on Count I. [Id.].

**A.     Abandoned Claims**

In her opposition to Defendant's motion, Plaintiff acknowledges that she is no longer pursuing Counts III (strict liability manufacturing defect) and V (breach of express warranty) of

her complaint. [ECF No. 47 at 6 (Count III), 11 (Count V)]. Summary judgment is therefore GRANTED as to Counts III and V.

### B. Waived Claims

In addition to her abandoned claims, Plaintiff has also waived several claims by failing to address them in her opposition to Defendant's motion. See Montany v. Univ. of New England, 858 F.3d 34, 41 (1st Cir. 2017) ("Defendants argue that [plaintiff's] failure to put forth any argument in her opposition to defendants' motion for summary judgment [on a particular claim] constitutes abandonment of any such claim. Having read plaintiff's opposition, we agree."); Grenier v. Cyanamid Plastics, Inc., 70 F.3d 667, 678 (1st Cir. 1995) ("[A]n issue raised in the complaint but ignored at summary judgment may be deemed waived."); Johnson v. Ocwen Loan Servicing, LLC, No. 17-cv-11944-ADB, 2020 U.S. Dist. LEXIS 38665, at *28 (D. Mass. Mar. 5, 2020) (granting summary judgment where plaintiffs failed to address any of defendants' arguments concerning a specific claim); Havanick v. C. R. Bard, Inc., No. 2:12-cv-02312, 2016 U.S. Dist. LEXIS 168079, at *18 (S.D. W. Va. Dec. 6, 2016) (stating that a plaintiff "[did] not respond to [defendant's] arguments concerning her breach of implied warranty claim" and granting summary judgment on that claim).

By failing to address Defendant's motion for partial summary judgment as to Counts IV (strict liability failure to warn) and VI (breach of implied warranty), Plaintiff has waived those claims. See [ECF No. 47]. Summary judgment is therefore GRANTED as to Counts IV and VI.

### C. Remaining Claims

Plaintiff's remaining claims are for negligence (Count I), strict liability product defect (Count II), and punitive damages (Count VIII).

1. <u>Negligence</u>

Plaintiff alleges in the Long-Form Complaint that Defendant had a duty "to use reasonable care in designing, manufacturing, marketing, labeling, packaging and selling" its products but breached that duty, causing harm to Plaintiff. [Long-Form Compl. ¶ 63]. Defendant seeks summary judgment on Plaintiff's negligence claim to the extent that it alleges negligent inspection, marketing, packaging, and selling. [ECF No. 43 at 16]. Plaintiff's claim as to negligent design, manufacture, and labeling remains unchallenged. See [id.].

In her opposition to Defendant's motion, Plaintiff argues that she is not setting out separate negligence claims on each issue, but rather is alleging a "general" negligence claim. [ECF No. 47 at 8]. As other courts reviewing summary judgment motions in related cases have observed, however, "plaintiff's concern that [the defendant] is misconstruing the plaintiff's negligence claim is meritless. [The defendant] simply chose to address the plaintiff's different theories of negligence separately, a practice expressly permitted under Rule 56 of the Federal Rules of Civil Procedure." <u>Nall v. C. R. Bard, Inc.</u>, No. 2:13-cv-01526, 2018 U.S. Dist. LEXIS 10267, at *11–12 (S.D. W. Va. Jan. 23, 2018); <u>Havanick</u>, 2016 U.S. Dist. LEXIS 168079, at *15–16 (same); <u>see also</u> Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought.").

Plaintiff then references a response to a motion by Defendant for summary judgment on punitive damages in which Plaintiff states that she "cite[s] to an abundance of testimonial and documentary evidence that likewise bears directly on this motion" and which Plaintiff incorporates by reference in support of her negligence claim. [ECF No. 47 at 8]. As Defendant correctly notes in its reply, however, no such motion was filed in this case and Plaintiff therefore

has not provided the Court with the evidence she references. See [ECF No. 51 at 9].³ As it stands, Plaintiff's discussion of her negligence claim in her opposition makes only conclusory statements with no citations to evidence to support her allegations, such as deposition transcripts, documents, or affidavits. See [ECF No. 47 at 8–10].

Under Federal Rule of Civil Procedure 56,

> [a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . .

Fed. R. Civ. P. 56(c)(1). When determining whether to grant or deny a motion for summary judgment, "[t]he court need consider only the cited materials . . . ." Fed. R. Civ. P. 56(c)(3). "It is always prudent for the party opposing summary judgment to offer affidavits establishing the unresolved material disputes or at least to provide the court with memoranda indicating where in the record those disputes are evidenced. It is likewise irresponsible for a party's attorney to neglect to do so in a case where the record is at all sizeable or complex." Stepanischen v. Merchs. Despatch Transp. Corp., 722 F.2d 922, 930 (1st Cir. 1983).

In addition to failing to provide any evidence to support her claim and the existence of a dispute of material fact, Plaintiff's negligence claim—in its entirety—must fail due to Plaintiff's failure to pursue her breach of implied warranty claim. "A defendant in a products liability case in this Commonwealth may be found to have breached its warranty of merchantability without having been negligent, but the reverse is not true. **A defendant cannot be found to have been negligent without having breached the warranty of merchantability**." Colter v. Barber-

---

³ It appears that this motion practice occurred in the MDL's four bellwether cases. See Order on Partial Motions for Summary Judgment on Plaintiffs' Punitive Damages Claims, Cisson v. C. R. Bard, Inc., No. 2:11-cv-00195, 2013 U.S. Dist. LEXIS 78053 (S.D. W. Va. June 4, 2013).

Greene Co., 525 N.E.2d 1305, 1313 (Mass. 1988) (emphasis added) (quoting Hayes v. Ariens Co., 462 N.E.2d 273, 275 (Mass. 1984)); see also 1 LNPG: Massachusetts Personal Injury Litigation § 6.03 (2019) ("A defendant cannot be found to have been negligent without having breached the warranty of merchantability." (citing Evans v. Lorillard Tobacco Co., 990 N.E.2d 997 (Mass. 2013))).

> In Massachusetts,
>
> [a] finding of negligence [is] a statement by the jury about the product and about the manufacturer as well. It signifie[s] that the product was unreasonably dangerous because of its design or because of its failure to be accompanied by an adequate warning, or both. It also signifie[s] that an ordinarily prudent manufacturer would have recognized the product's shortcomings and would have taken appropriate corrective measures.

Colter, 525 N.E.2d at 1313 (quoting Hayes, 462 N.E.2d at 276). "Unlike negligence liability, warranty liability 'focuses on whether the product was defective and unreasonably dangerous and not on the conduct of the user or the seller.'" Colter, 525 N.E.2d at 1313 (quoting Correia v. Firestone Tire & Rubber Co., 446 N.E.2d 1033, 1040 (Mass. 1983)).

Beyond Plaintiff's explicit waiver of her breach of implied warranty claim, Plaintiff fails to supply facts that would support a finding that Defendant's product was unreasonably dangerous and thus breached the implied warranty. For example, in her briefing in opposition to partial summary judgment on her negligence claim, Plaintiff focuses on Defendant's action, or lack of action, in connection with testing, marketing, and selling the device. See [ECF No. 47 at 8–10 (describing Defendant's failure to test, to correct known issues, or to instruct physicians on use and risks of the device)]. In discussing negligence, Plaintiff refers to the safety of Defendant's products in only one sentence, stating that they "were unreasonably dangerous and defective, and that complications were being caused by the specific design features of these

9

products," and then fails to cite to any evidence or testimony in support of this statement, or to elaborate on what made the product dangerous. [Id. at 9].

"[S]ince . . . there is no basis for recovery based on breach of warranty of merchantability, the defendant could not [be] found to have been negligent." Enrich v. Windmere Corp., 616 N.E.2d 1081, 1084 (1993) (citing Hayes, 462 N.E.2d 273 (1984))); see also Cipollone v. Yale Indus. Prods., 202 F.3d 376, 379 n.3 (1st Cir. 2000) ("Our conclusion that there is no breach of warranty of merchantability justifies summary judgment on [plaintiff's] negligence claims against [defendant] as well."). Because Plaintiff has failed to demonstrate that the product was defective or unreasonably dangerous, Plaintiff cannot maintain a negligence action. As a result, summary judgment is GRANTED as to Count I in its entirety.[4]

---

[4] "It is without question that district courts, in appropriate circumstances, are entitled to enter summary judgment *sua sponte*." P.R. Elec. Power Auth. v. Action Refund, 515 F.3d 57, 64 (1st Cir. 2008). Although notice to the party is ordinarily required, the First Circuit has "observed that a failure to provide adequate notice is not necessarily reversible error requiring a remand to the district court." Id. (citing Vives v. Fajardo, 472 F.3d 19, 22 (1st Cir. 2007)). In Puerto Rico Electric Power Authority v. Action Refund, the First Circuit cited a decision from the Third Circuit in which that court "recogniz[ed] a narrow exception to the notice requirement where the record is fully developed, the issue is purely legal, and there is no prejudice to the parties." Id. (citing Gibson v. Mayor & Council of the City of Wilmington, 355 F.3d 215, 219 (3d Cir. 2004)). Here, Plaintiff had ample opportunity to research and brief her opposition to summary judgment on her breach of implied warranty claim and its impact on her negligence claim under Massachusetts law. Plaintiff's negligence claim is being dismissed in its entirety not just due to a lack of evidence (though Plaintiff fails to cite to any record evidence despite the fact that discovery had closed), but because her negligence claim fails as a matter of law absent her breach of implied warranty claim. See Colter, 525 N.E.2d at 1313; see also Wells Real Estate Inv. Tr. II, Inc. v. Chardon/Hato Rey P'ship, S.E., 615 F.3d 45, 52 (1st Cir. 2010) (affirming summary judgment where appellant was not procedurally prejudiced by the lack of adequate notice or the opportunity "to present evidence in support of its position" (citing P.R. Electric Power Auth., 515 F.3d at 64)).

2.  Strict Liability Design Defect

Plaintiff has asserted a claim for strict liability design defect. [Long-Form Compl. ¶¶ 68–71]. Defendant argues that Massachusetts does not recognize strict liability claims for design defects. [ECF No. 43 at 10].[5]

As Plaintiff correctly states in her opposition, "[u]nder Massachusetts law, product defect claims can be brought either as negligence actions or breach of warranty actions." [ECF No. 47 at 2 (quoting Laspesa v. Arrow Intern., Inc., No. 07-cv-12370, 2009 U.S. Dist. LEXIS 121576, at *8 (D. Mass. Dec. 23, 2009))]. In addition to bringing her design defect claims under negligence and breach of warranty, however, Plaintiff has pled a design defect claim in strict liability. [Long-Form Compl. ¶¶ 68–71]. Strict liability for defective products is not a viable cause of action in Massachusetts. See Commonwealth v. Johnson Insulation, 682 N.E.2d 1323, 1326 (Mass. 1997) ("We have declined to allow claims for strict liability in tort for defective products . . . ."); 1 LNPG: Massachusetts Personal Injury Litigation § 6.03 (2019) ("In Massachusetts, there is no 'strict liability in tort.'" (citing Guzman v. MRM/Elgin, 567 N.E.2d 929 (Mass. 1991))). Because Massachusetts does not recognize a strict liability product defect claim, summary judgment as to Count II is GRANTED.

3.  Punitive Damages

In her Long-Form Complaint, Plaintiff alleges that Defendant's "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which raises the presumption of conscious indifference to consequences, [justifies] an award of punitive damages." [Long-

---

[5] Defendant went on to analyze Plaintiff's claim as if it were a claim for breach of implied warranty. [ECF No. 43 at 10]. Despite this, Plaintiff appears to have misunderstood Defendant's argument and failed to address breach of implied warranty in her opposition. See [ECF No. 47 at 1–6].

11

Form Compl. ¶¶ 96–107]. Defendant contends that, in Massachusetts, claims for punitive damages must be authorized by statute and that Plaintiff has not cited an applicable statute in support of her claim. [ECF No. 43 at 17–18]. Plaintiff's opposition refers to the aforementioned response to a motion for summary judgment on punitive damages, which was not filed in this case, and which Plaintiff concedes did not address Massachusetts law. See [ECF No. 47 at 11].

Defendant is correct that "[u]nder Massachusetts law, punitive damages may be awarded only where authorized by statute." Aleo v. SLB Toys USA, Inc., 995 N.E.2d 740, 753 (Mass. 2013) (citing Int'l Fid. Ins. Co. v. Wilson, 443 N.E.2d 1308, 1317 n.20 (Mass. 1983)); see also Citigroup Glob. Mkts., Inc. v. Salerno, 445 F. Supp. 2d 124, 126 (D. Mass. 2006) ("[I]t is a well-settled and long established principle that punitive damages may not be awarded under Massachusetts law absent statutory authority."). Plaintiff's complaint and her opposition fail to cite to a Massachusetts statute in support of her claim for punitive damages. See [Long-Form Compl. ¶¶ 96–107; Short-Form Compl.; ECF No. 47]. Because Massachusetts courts will not impose punitive damages absent statutory authority, summary judgment as to Count VIII is GRANTED.

## IV.   CONCLUSION

Accordingly, for the reasons stated herein, Defendant's motion for partial summary judgment, [ECF No. 42], is GRANTED. Because granting Defendant's motion for partial summary judgment has the effect of dismissing all remaining claims in this matter, this Order effectively terminates the case in favor of Defendant.

**SO ORDERED.**

April 30, 2020                                                              /s/ Allison D. Burroughs
                                                                            ALLISON D. BURROUGHS
                                                                            U.S. DISTRICT JUDGE