UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANN FRADY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:19-cv-12549-ADB |
| | * | |
| C. R. BARD, INC., | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION FOR RECONSIDERATION**

BURROUGHS, D.J.

Plaintiff Ann Frady ("Plaintiff") filed this action against Defendant C.R. Bard, Inc. ("Defendant") asserting claims for negligence (Count I), strict liability design defect (Count II), strict liability manufacturing defect (Count III), strict liability failure to warn (Count IV), breach of express warranty (Count V), breach of implied warranty (Count VI), and punitive damages (Count VIII) in connection with medical complications that she alleges were caused by a device manufactured by Defendant. [ECF No. 1 at 5 (Short-Form Compl.); ECF No. 60-2 at 510–43 (Long-Form Compl.)].[1]  On April 30, 2020, the Court entered an Order granting summary judgment in favor of Defendant and terminated the case. [ECF No. 72]. Currently before the Court is Plaintiff's motion for reconsideration. [ECF No. 79]. For the reasons set forth below, Plaintiff's motion, [id.], is DENIED.

---

[1] Plaintiff did not allege Count VII (loss of consortium) of the Long-Form Complaint against Defendant when filing her Short-Form Complaint. See [Short-Form Compl. at 5].

**I.      PROCEDURAL BACKGROUND**

This product liability lawsuit stems from a multidistrict litigation ("MDL") involving the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. The Judicial Panel on Multidistrict Litigation assigned 100,000 of these MDL cases to the Honorable Joseph R. Goodwin, District Judge for the United States District Court for the Southern District of West Virginia, Charleston Division.  On October 18, 2018, Defendant moved for partial summary judgment. [ECF No. 42].  Plaintiff opposed, [ECF No. 47], and Defendant replied, [ECF No. 51].  In its memorandum in support of the motion and reply brief, Defendant identified several deficiencies with Plaintiff's claims, including that she had waived certain claims by failing to discuss them in her opposition brief.  See [ECF Nos. 43, 51].  The case was transferred to this District in December 2019 with the motion for partial summary judgment still pending.  On transfer, the Court held a status conference during which it allowed the parties to amend their briefings as needed to reference any docket entries that had been renumbered when the case was transferred.  [ECF No. 70].  The Court again informed the parties of this option in an electronic order issued over a month later.  [ECF No. 71].  Neither party amended their briefings.

On April 30, 2020, the Court entered an Order granting Defendant's summary judgment motion and ultimately terminating the case.  [ECF No. 72].  On May 28, 2020, Plaintiff filed a motion for reconsideration.  [ECF No. 75].  Subsequently, Plaintiff filed a corrected motion, [ECF No. 77], and a further corrected motion, [ECF No. 79].  Defendant opposed the motion, [ECF No. 80], Plaintiff filed a reply, [ECF No. 83], and Defendant filed a sur-reply, [ECF No. 87].

**II.     LEGAL STANDARD**[2]

"It is fundamental that Rule 60(b) 'provides for extraordinary relief, [and] a motion thereunder may be granted only under exceptional circumstances.'" Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 27 (1st Cir. 2006) (quoting Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir. 1986)). "A party seeking such relief must demonstrate 'that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.'" Nansamba v. N. Shore Med. Ctr., Inc., 727 F.3d 33, 37–38 (1st Cir. 2013) (quoting Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009)).

Federal Rule of Civil Procedure 60(b) provides six grounds upon which a court may relieve a party from an order. Fed. R. Civ. P. 60(b)(1)–(6). Plaintiff invokes Rule 60(b)(1), which allows for relief from a final judgment due to "mistake, inadvertence, surprise, or excusable neglect." Id. at 60(b)(1). Plaintiff cites excusable neglect caused by confusion related to the transfer of this case from the MDL. [ECF No. 79 at 8 ("Plaintiff's erroneously [sic] belief that the rulings and documents would be incorporated in this Court is a mistake, inadvertence, or excusable neglect under FRCP Rule 60(b).")].

"Discussing similar language found elsewhere in the Federal Rules of Civil Procedure, the Supreme Court has acknowledged that 'excusable neglect' is a fairly flexible concept that encompasses 'inadvertence, mistake, or carelessness, as well as by intervening circumstances

---

[2] Although Plaintiff mentions Federal Rules of Civil Procedure 59(e) and 60(b) in the first paragraph of her memorandum in support of her motion, she does not reference Rule 59(e) again and does not provide any analysis under this Rule. [ECF No. 79 at 1]. The Court will therefore limit its analysis to Rule 60(b).

3

beyond the party's control.'" Aguiar-Carrasquillo, 445 F.3d at 28 (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 388 (1993)).  "At a bare minimum, a party who seeks relief from judgment on the basis of excusable neglect must offer a convincing explanation as to why the neglect was excusable."  Nansamba, 727 F.3d at 39 (quoting Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 527 (1st Cir. 2002)).  Ultimately, the Rule gives the Court "the power to vacate judgments 'whenever such action is appropriate to accomplish justice.'"  Bouret-Echevarría v. Caribbean Aviation Maint. Corp., 784 F.3d 37, 41 (1st Cir. 2015) (quoting Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 19 (1st Cir. 1992)).

## III.     DISCUSSION

In its Order granting summary judgment, the Court identified the following problems with Plaintiff's opposition to Defendant's motion for partial summary judgment:

- Negligence claim (Count I): Plaintiff cited no materials in support of this claim in her opposition.  In addition, Plaintiff's failure to pursue her breach of implied warranty claim required dismissal of her negligence claim in its entirety under Massachusetts law.  [ECF No. 72 at 7–10]

- Strict liability design defect claim (Count II): Massachusetts does not recognize strict liability design defect as a cause of action.  [Id. at 11]

- Strict liability manufacturing defect claim (Count III): Plaintiff explicitly abandoned this claim in her opposition.  [Id. at 5–6]

- Strict liability failure to warn claim (Count IV): Plaintiff waived this claim by failing to address it in her opposition.  [Id. at 6]

- Breach of express warranty claim (Count V): Plaintiff explicitly abandoned this claim in her opposition.  [Id. at 5–6]

- Breach of implied warranty claim (Count VI): Plaintiff waived this claim by failing to address it in her opposition.  [Id. at 6]

- Punitive damages (Count VIII): Defendant correctly argued that a plaintiff cannot obtain punitive damages in Massachusetts without citing a statute that supports

the request, and Plaintiff failed to identify such a statute in her opposition.  [Id. at 11–12]

Plaintiff asks the Court to (a) alter or amend its Order to allow her an opportunity to address the issues raised in the Order by providing substantive citations to the record and law, or (b) delay or withdraw enforcement of the Order to allow her to file an amended opposition to the motion for summary judgment.  [ECF No. 79 at 5–6].

**A.     Analysis of the Rule 60(b) Factors**

1.     Timeliness of the Motion

Plaintiff's motion was filed within one year of the Court's Order and was therefore timely.  See Fed. R. Civ. P. 60(c)(1).

2.     Exceptional Circumstances

Plaintiff has not identified exceptional circumstances warranting relief other than a desire to pursue her claims at trial.

3.     Ability to Mount a Meritorious Claim

As noted above, the Court identified several deficiencies with Plaintiff's opposition to the motion for summary judgment in its Order granting Defendant's motion.  [ECF No. 72].  Among those were claims that are not viable in Massachusetts, such as strict liability design defect and punitive damages (absent authorization from a statute).  In her memorandum in support of the motion for reconsideration, Plaintiff continues to pursue her punitive damages claim, spending the majority of her memorandum on this claim while still failing to cite a Massachusetts statute. [ECF No. 79 at 11–21].  The Court can only assume that Plaintiff's counsel fundamentally misunderstands the issues with her punitive damages claim, even after they were raised and discussed by both Defendant in its motion and the Court in its Order, or that Plaintiff's counsel is

5

stubbornly continuing to rely on briefings filed by other plaintiffs in related cases without bothering to adapt them to Plaintiff's case or this state's laws.

Even if the Court were to allow Plaintiff to pursue, for example, her negligence and implied warranty claims, it is not clear that Plaintiff could prove an essential element of her claims, namely causation. See, e.g., Arbella Mut. Ins. Co. v. Field Controls, LLC, No. 16-cv-10656, 2019 U.S. Dist. LEXIS 58319, at *16 (D. Mass. Apr. 4, 2019) ("[T]he alleged defective (or nonexistent) warning must still be the cause of the plaintiff's injury, even under a breach of warranty of merchantability theory."); Geshke v. Crocs, Inc., 889 F. Supp. 2d 253, 261 (D. Mass. 2012) ("Proof of design negligence requires satisfaction of the following elements: (1) the manufacturer's failure to exercise a reasonable degree of care under the circumstances; (2) proximate causation; and (3) injury and/or loss."), aff'd, 740 F.3d 74 (1st Cir. 2014).

Defendant filed motions to exclude Plaintiff's expert testimony, including testimony from Dr. Reeves and Dr. Kohli, which the Court denied as moot in light of the problems identified with Plaintiff's claims in the Court's summary judgment Order. [ECF No. 73]. As to Dr. Reeves, in her opposition to the motion to exclude, Plaintiff's counsel failed to address the issues that Defendant identified and instead relied entirely on an opposition to a motion to exclude Dr. Reeves that was filed by other plaintiffs regarding a different product. [ECF No. 48 at 5 ("Plaintiff hereby adopts and incorporates by reference the Daubert response filed as to Keith O. Reeves, M.D. for prior Bard wave cases. The adopted and incorporated Response is attached hereto as Exhibit A."]. That borrowed opposition, by the very nature of it being prepared for different plaintiffs, did not address the specific issues that Defendant raised regarding causation as to Plaintiff.

As a further example, with regard to Plaintiff's breach of implied warranty claim specific to design defect, Plaintiff presented no evidence on this claim at summary judgment. See, e.g., [ECF No. 47 (providing no evidence for safer alternative design, one of the required elements)]; Osorio v. One World Techs., Inc., 659 F.3d 81, 84–85 (1st Cir. 2011) (identifying "the feasibility of a safer alternative design" as an essential element of an implied warranty design defect claim). In her memorandum in support of the motion for reconsideration, Plaintiff offers limited evidence about the actual design of the mesh product (e.g., arguing that it was made of a material that was not designed for long-term implantation) but does not offer any evidence about safer alternative designs. See [ECF No. 79 at 26–27]. Despite this, Plaintiff argues that the evidence provided in her memorandum "is sufficient" to succeed on this claim. [Id. at 28].

In summary, the Court finds that Plaintiff has not demonstrated that she "has the right stuff to mount a potentially meritorious claim.'" Nansamba, 727 F.3d at 37–38 (quoting Fisher, 589 F.3d at 512).

### 4. Unfair Prejudice

There is no question that allowing Plaintiff to file a new opposition to Defendant's motion, which was originally filed in October 2018, would be unfairly prejudicial to Defendant. Defendant's memorandum in support of its motion identified several deficiencies with Plaintiff's claims, [ECF No. 43], which Plaintiff's counsel failed to properly address in the opposition to the motion, [ECF No. 47]. Nor did Plaintiff's counsel request leave to file a sur-reply to address the continuing deficiencies which were identified by Defendant in its reply brief. [ECF No. 51]. Plaintiff's counsel could have filed a motion to supplement the opposition brief during the year and a half in which Defendant's summary judgment motion was pending, but she did not. To now allow Plaintiff another opportunity to address these deficiencies—despite indications in her

briefing on the motion for reconsideration that her counsel does not understand or is unwilling to grapple with those deficiencies—would be unfairly prejudicial to Defendant, who has diligently pursued its defense in this matter.

        5.        <u>Reason Provided for Excusable Neglect</u>

Plaintiff states that she thought the "law of the case" meant that orders entered in the MDL applied to her case. [ECF No. 79 at 6]. Even if the MDL court had found that specific plaintiffs in bellwether cases could advance beyond summary judgment on certain claims, that would not, however, excuse Plaintiff from her obligation to provide support for her own claims. For example, Plaintiff could not rely on a negligence finding as to one plaintiff and assume that duty, breach, cause, and harm as to that plaintiff would apply to her—on different facts, with a different doctor, in some cases a different device, and unique injuries. Other transferee courts considering summary judgment motions reviewed the evidence as to each plaintiff before them—including expert reports—rather than referring to an MDL decision as the final word on any specific claim. <u>See, e.g.</u>, <u>Sherer-Smith v. C.R. Bard, Inc.</u>, No. 19-cv-00903, 2020 U.S. Dist. LEXIS 52439, at *14–16 (W.D. Wisc. Mar. 26, 2020) (granting summary judgment for Defendant on plaintiff's negligent design and failure to warn claims due to the lack of evidence that plaintiff presented in support of causation); <u>Dalton v. C. R. Bard, Inc.</u>, No. 19-cv-02484, 2020 U.S. Dist. LEXIS 47479, at *38 (N.D. Tex. Mar. 19, 2020) (granting summary judgment for Defendant on plaintiff's negligence and strict liability failure to warn claims where she failed to provide evidence in support of causation). Nor does Plaintiff identify an order from the MDL court that would have altered the Court's analysis at summary judgment. <u>See</u> [ECF Nos. 79, 83].

In <u>Arruda v. C.R. Bard, Inc.</u>, the Northern District of New York criticized a plaintiff for relying on evidence from the MDL: "[w]hile the Court finds it rather feckless for an attorney to

rely on evidence and arguments from other cases and decisions made by other judges to defeat a motion for summary judgment, the Court also recognizes that this case is an MDL and that the MDL procedure permits the use of such evidence in this case." No. 19-cv-01523, 2020 U.S. Dist. LEXIS 141129, at *44–45 (N.D.N.Y. Aug. 6, 2020). There, unlike here, the plaintiff actually provided the district court with this evidence, as well as evidence specific to the plaintiff. Id. at *45 ("The Plaintiff has provided extensive evidence collected in discovery and used in the cases that Plaintiff cites . . . ."). Compare Pl.'s Mem. in Opp'n to Def.'s Mot. for Summ. J., ECF No. 26, Arruda v. C.R. Bard, Inc., No. 19-cv-01523 (N.D.N.Y. May 27, 2019) (citing to exhibits attached to the brief containing expert testimony and other supporting evidence regarding plaintiff's injuries and defendant's actions), with [ECF No. 47 (Plaintiff's twelve-page opposition brief, citing to no evidence specific to Plaintiff and consistently referring to "Plaintiffs")].

Because Plaintiff did not demonstrate a causal link between Defendant's product and her injury, her proffered reason for failing to provide evidence and arguments in support of her claims is insufficient.

## IV.    CONCLUSION

Accordingly, "taking account of all relevant circumstances surrounding [Plaintiff's] omission," Plaintiff has failed to satisfy the elements for a Rule 60(b) motion and the Court cannot grant her the extraordinary relief she requests. Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 101 (1st Cir. 2003) (quoting Pioneer, 507 U.S. at 395). Plaintiff's motion for reconsideration, [ECF No. 79], is DENIED.

**SO ORDERED.**

January 15, 2021                                                                 /s/ Allison D. Burroughs
                                                                                 ALLISON D. BURROUGHS
                                                                                 U.S. DISTRICT JUDGE